1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  CHRISTINA McCALL (CABN 234139)
   Assistant United States Attorney
5       1301 Clay Street, Suite 340S
        Oakland, California 94612
6       Telephone: (510) 637-3680
        FAX: (510) 637-3724
7       christina.mccall@usdoj.gov

8  Attorneys for Plaintiff

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13 UNITED STATES OF AMERICA,        ) No. CR-16-00424 JSW
                                    )
14     Plaintiff,                   ) STIPULATION AND
                                    ) [PROPOSED] INTERIM PROTECTIVE ORDER
15     v.                           )
                                    )
16 DAVID JOHN TELLES, JR.,          )
                                    )
17     Defendant.                   )
                                    )
18

19     Plaintiff, United States of America, by and through BRIAN J. STRETCH, United States

20 Attorney for the Northern District of California, and CHRISTINA McCALL, Assistant United States

21 Attorney for the Northern District of California, and the defendant, DAVID JOHN TELLES, JR., and

22 his attorney NED SMOCK, hereby stipulate and agree:

23     The defendant is currently charged in an Indictment with violations of Title 18, United States

24 Code, sections 2422(b), 2423(b), and 2423(c). In connection with this Indictment, the United States is

25 in possession of police reports, agent reports, other documents and media that identify the alleged minor

26 victim and minor witnesses in this case.

27     Pursuant to Title 18, United States Code, section 3509(d), an attorney for the Government is

28 required to take measures to maintain the confidentiality of documents and other materials that disclose

STIPULATION AND [PROPOSED]
INTERIM PROTECTIVE ORDER

the identity of a child victim or witness, including the preparation of a proposed protective order that may "provide for any other measures that may be necessary to protect the privacy of the child" victim or witness. 18 U.S.C. § 3509(d)(3).

In order to comply with Title 18, United States Code, section 3509(d), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendant agree that disclosure of the discovery material covered under this stipulation is subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Interim Protective Order apply to all portions of documents, video recordings, audio recordings, and pictures or photographs produced by the United States in this case that identify or depict the alleged child victim in this investigation.

2. The following individuals (the "defense team") may obtain and examine any material identified in paragraph one, above, under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

   a. Counsel for defendant;
   b. Persons directly employed by defense counsel who are assisting with the preparation of the defense;
   c. Defendant, but only in the presence of his attorney;
   d. Any expert retained on behalf of the defendant to assist in the defense of this matter;
   e. Any investigator retained on behalf of defendant to assist in the defense of this matter.

3. Members of the defense team agree to treat any documents described in paragraph one, above, as confidential, meaning that they will not be given to anyone outside the defense team without stipulation of the parties or a Court order, that they will not be included in any public filings, either in summary, in part, or as exhibits or attachments, and that the identities of the alleged child victims in this case will not be revealed to anyone outside the defense team without the stipulation of the parties or a Court order.  Photographs of alleged child victim(s) covered by this Interim Protective Order may be shown to witnesses.

4. Members of the defense team agree to destroy or return to the United States any

documents or other media covered by this Interim Protective Order at the end of this litigation.

5. Notwithstanding the provisions of this Interim Protective Order, the United States will continue to keep confidential the contact information (not including the name, but including information such as home address, phone number, or email address) of any alleged minor victim or minor witness. Defendant and his attorney are not prohibited from requesting, or moving the Court to compel, such information at a later date.

SO STIPULATED:

BRIAN J. STRETCH
United States Attorney

DATED:                      /s/
CHRISTINA McCALL
Assistant United States Attorney

DATED:                      /s/
NED SMOCK
Attorney for Defendant David John Telles, Jr.

SO ORDERED.

   This order shall remain in effect until seven days after issuance of the Court's order following the detention hearing.  If the parties request a Protective Order that shall apply beyond that date, the parties shall submit a further request and proposed order to Judge Jeffrey S. White.

DATED: 10/25/16

HON. KANDIS A. WESTMORE
United States Magistrate Judge

STIPULATION AND [PROPOSED]
INTERIM PROTECTIVE ORDER            3